UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA E. WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>WILLIAM J. REDMAN and JULIE LAWSON,<br><br>  Defendants. | CAUSE NO. 3:20-CV-196-JD-MGG |

OPINION AND ORDER

Joshua E. Williams, a federal inmate housed temporarily at the St. Joseph County Jail, filed this lawsuit without a lawyer against Sheriff William J. Redman and Warden Julie Lawson alleging several conditions at the jail are unconstitutional. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Williams lists several jail conditions he claims violate the Constitution. He says he was denied access to books, was not allowed to practice his religion, had his mail interfered with, was provided inadequate clothing and bedding,

and was faced with an inadequate law library. ECF 1. He sues the sheriff and the jail's warden and asks for $200,000 in damages as well as injunctive relief. However, the complaint does not link either defendant personally to the alleged violations, and any claim for injunctive relief is now moot since he is no longer at the jail.

To state a claim under § 1983, Williams must show that he was deprived of a federal right and that the person responsible for the deprivation acted under color of state law. *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Both the warden and the sheriff have some responsibility for running the jail, but neither is mentioned in the complaint. Therefore, whether and to what extent each knew of or participated in the alleged violations is unclear. "[P]ersonal involvement is a prerequisite for individual liability in a § 1983 action. Supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not personally involved." *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) (internal citation omitted). Williams attaches several grievances he filed while at the jail, but none of those suggests the warden or the sheriff were aware of the alleged violations. ECF 1-1.

The warden or the sheriff could be proper defendants for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Williams, however, left the jail in August 2020 for federal prison. ECF 10, 13. There is no indication that he is likely to return. Any claim for injunctive relief is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Williams to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS Joshua E. Williams leave to file an amended complaint by **February 16, 2021**; and

(2) CAUTIONS Joshua E. Williams that if he does not file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915A because the current complaint fails to state a claim.

SO ORDERED on January 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT